

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 4, 1971

Honorable Jules Damiani, Jr.
Criminal District Attorney
405 County Courthouse
Galveston, Texas 77550

Opinion No. M-801

Re: Legality of contract
for collection of
delinquent taxes
between County and
attorney whose law
partner is a member
of the State Legislature.

Dear Mr. Damiani:

Your inquiry concerns the legality of a contract for the collection of delinquent state and county taxes under the authority of Article 7335, Vernon's Civil Statutes of Texas, authorized by the Commissioners Court of Galveston County on January 19, 1971, by resolution and order, and entered into on behalf of the County with Mr. Thomas L. Douvry, a licensed attorney who is a member of the law firm in which State Representative Dean Neugent, who is serving in the current session of the Legislature, is also a partner.

We are informed that Representative Neugent's service as a member of the State Legislature began with its 1965 Session.

We have not been informed of any facts showing that the proceeds to be received by Mr. Douvry under such contract are to be classified other than as partnership income.

The basic general question raised by these facts is whether the State Constitution prohibits the making of this contract with Mr. Douvry because of his law partnership with a member of the legislature.

-3890-

The last clause of Section 18, Article III of the Constitution of Texas, as amended November 5, 1968, reads as follows:

".... nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected."
(underscoring added by writer for emphasis)

Although it appears from the stated facts that Representative Neugent, by virtue of his partnership with Mr. Douvry, has an interest in such contract with the County, this interest, by itself, would not operate to invoke the above Constitutional prohibition. Absent the authorization of such contract by any law passed during the term for which said Representative was elected, his mere interest in same is not proscribed by said Article III of the Constitution.

The aforementioned Article 7335 and Article 7335a, V.C.S., authorize the commissioners courts to contract with attorneys for the collection of such delinquent taxes and require payment of compensation therefor. Article 7335 was enacted in 1923 (Acts 2nd C.S. 1923, p.37; Acts 3rd C.S. 1923, p.182) and Article 7335a was enacted in 1930, (4th C.S.,41st Leg. p.9 ch.8). Article 7335b was added to Article 7335a by an amendment in 1951 but such added Article related only to contracts for collection of delinquent taxes by cities and towns. (Acts 1951, 52nd. Leg. p. 247)

Hence, it does not appear that any law pertaining to the authorization of such contracts, within the meaning of the State Constitution, has been passed during the terms for which Representative Neugent was elected.

However, in regard to any interest of Representative Neugent in the fees earned by his law partner, Mr. Douvry, under such contract, we call to your attention the provisions of Article 6252-9, Vernon's Civil Statutes, pertaining to standards of conduct for legislators and prohibiting their having any interest which is in substantial conflict with the proper discharge of their duties in the public interest. This Statute also provides for the disclosure by any legislator

of any personal or private interest he may have in any measure or Bill, proposed, or pending before the Legislature. We are not here passing upon the question of whether this interest in the legal fees earned under the contract is in conflict in any degree with the proper discharge of such legislator's duties in the public interest. This would be a fact question depending upon extraneous matters and circumstances not presented in your request. If and when a conflict arises of such a nature as to render the contract void under the Constitution or the public policy doctrine of this State, then, in that event, we feel confident that Representative Neugent promptly will make the disclosures and take the actions prescribed by said Article 6252-9.

We do not believe that Article 373, Penal Code, has any application to the question before us. This Article prohibits any officer of any county, city or town, from becoming pecuniarily interested in any contract made by such county, city or town, for certain work undertaken for such county, city or town. Neither do we consider our Opinion M-625 as being applicable to the matters here involved, other than as definitive of the nature of a partnership.

Therefore it is our opinion, based solely on the factual situation herein presented, that the contract in question is not prohibited by state laws or the Constitution of Texas.

### SUMMARY

A contract for collection of delinquent state and county taxes under authority of Article 7335, V.C.S., is not rendered invalid under Article III, Section 18 of the State Constitution or under any state laws by reason of the Attorney entering into same being a law partner of a State Representative, when no law has been passed authorizing such contract during the terms for which said Representative was elected.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Phil Warner
Ben Harrison
Jim Swearingen
Linward Shivers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant